UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LIVIU STEFAN,

              Petitioner,           3:12-cv-2370-SU

          v.                   FINDINGS AND
                                   RECOMMENDATION

PAULA ALLEN,

              Respondent.

SULLIVAN, Magistrate Judge.

    At the time he filed the petition in this proceeding, petitioner was in the custody of the Oregon Department of Corrections pursuant to a judgment from the Washington County Circuit Court after convictions for four counts of Sexual Abuse in the Second Degree. Petitioner is currently on post-prison supervision in Washington County.

    After petitioner waived his right to a jury trial, the court convicted him of the above listed crimes and imposed

1 - FINDINGS AND RECOMMENDATION

sentences totaling 100 months imprisonment.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed in a written opinion and the Oregon Supreme Court denied review. Exhibits 103 - 110.

Petitioner filed a First Amended Petition for Post-conviction Relief, Exhibit 111, but the Multnomah County Circuit Court denied relief. Exhibit 139. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 140 - 144.

Petitioner filed a petition under 28 U.S.C. § 2254 alleging four claims for relief. Petition (#1), p. 6-7. Petitioner also incorporated the claims alleged in his post-conviction trial memorandum by reference.[1] The court will address the claims as enumerated in the Petition (#1) as Grounds One through Four and the claims in the PCR Trial Memorandum attached to the petition as enumerated therein.

Petitioner alleges in Ground One that he is entitled to "post-conviction relief because he was denied his right to due process of law and his right to a fair trial" due to "ineffective and inadequate assistance of counsel." Petition (#1) p. 6. However, petitioner has not alleged any specific factual allegations in support of his general claim that his

---

[1] "Please see attached Memorandum of Law for further Grounds and Facts." Petition (#1) p. 7.

2 - FINDINGS AND RECOMMENDATION

counsel was "inadequate and ineffective."

Ineffective assistance of counsel claims are discreet and must be separately alleged with specificity. *See*, <u>Carriger v. Lewis</u>, 971 F.2d 329, 333-34 (9th Cir. 1992) (en banc). Therefore, petitioner's Ground One fails to state a claim and should be denied.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]"  Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. <u>Keeney v. Tomayo-Reyes</u>, 504 U.S. 1, 10 (1992).  If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996).; <u>see also</u>, <u>Castillo v. McFadden</u>, 399 F.3d 993, 1000 (9th Cir. 2005); *see also*, <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 668 (9th Cir. 2005) ("In [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular

provisions of the federal Constitution or statutes, or by citing to federal case law."); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (*per curiam*) (holding that, when a petitioner failed to cite federal case law or mention the federal constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433

U.S. 72 (1977); <u>Murray v. Carrier</u>, 477 U.S. 748 (1986); <u>Hughes v. Idaho Bd. of Corr.</u>, 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray</u>, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. <u>Id</u>.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995); <u>Calderon v. Thompson</u>, 523 U.S.538, 559 (1998).

In Grounds Two, petitioner alleges that his waiver of jury trial was invalid because the "trial court accepted waiver of jury trial without colloquy or questioning petitioner if he understood what he was signing." Petition (#1) p. 6. In Ground Three, petitioner alleges that his right to an impartial jury under the Sixth Amendment was violated

because "the court" failed to explain to petitioner the details surrounding jury trials and jury selection. Petition (#1) p. 7. Additionally, in PCR Trial Memorandum Claim 1a petitioner alleges he was denied due process and equal protection of the law because the trial court allowed Petitioner to waive his constitutional right to a jury trial without obtaining a waiver of that right." Petition (#1) attachment 1, p. 2

Claims of trial court error must be raised at trial and on direct appeal. Kellotat v. Cupp, 719 F.2d 1027, 1030 (9th Cir. 1983); Palmer v. State of Oregon, 318 Or. 352, 356-58 (1994).

Petitioner did not raise any of these claims in his direct appeal. To the extent that these claims can be construed as encompassed in petitioner's PCR petition, they were not raised in a procedural context in which the merits of the claim would be considered by the state court. Castilles v. Peoples, *supra*.

In Ground Four petitioner alleges that "a criminal defendant is entitled to a jury determination of any facts used to aggravate a criminal sentence. Petitioner['s] defense was prejudiced by non jury determination of aggravating factors." Petition (#1) p. 7. In his "supporting facts" petitioner alleges "[b]y failing to explain the effects jury

absence would or might have at sentencing petitioner was placed in further jeopardy of being upward departed at the sole discretion of the court." *Id.* Petitioner's claim is ambiguous in that he does not identify *who* allegedly failed to explain these matters to petitioner. In PCR Trial Memorandum claim 1d petitioner alleges an ineffective assistance of counsel claim based on counsel's failure to object to departure sentences based on judicial fact-finding. Under these circumstances, petitioner's Ground Four is most reasonably construed as a claim that the trial court erred in imposing an upward departure sentence based on facts that were not found by a jury or admitted by (petitioner) as required under the principles articulated in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

Petitioner raised a *Blakely* claim on direct appeal. Exhibit 103, p. 12. However, the Court of Appeals held that petitioner's *Blakely* claim was not preserved below and that the trial court's imposition of departure sentences did not constitute plain error. Exhibit 105, p. 4.

Therefore, although petitioner's *Blakely* claim was presented to the Oregon appellate courts, it was not presented in a procedural context in which the merits of the claim would be considered. *See*, <u>Castilles v. Peoples</u>, *supra.*

In addition, federal courts are precluded from reviewing

7 - FINDINGS AND RECOMMENDATION

the merits of a claim where a state court decision has denied relief on the basis of an independent and adequate state procedural rule. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991); <u>Vansickel v. White</u>, 166 F.3d 953 (9th Cir.) *cert denied*, 528 U.S. 965 (1999).

The Oregon Rules of Appellate procedure provide that "[n]o matter claimed as an error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule." ORAP 5.45(1).

As noted above, the Oregon Court of Appeals affirmed petitioner's sentence, citing <u>State v. Gornick</u>, 340 Or 160 (2006)(under established Oregon law, claims may not be raised for the first time on appeal unless they fall into the narrow "plain error" exception, and *Apprendi* claims do not fit within that exception).

Therefore, because the Oregon Court of Appeals found that an independent and adequate state procedural rule precluded review of petitioner's Ground Four claim on the merits, the claim is procedurally defaulted. *See*, <u>Lalonde v. Belleque</u>, 2008 U.S. Dist. LEXIS 22365 (D. Or. Mar. 19, 2008) unpublished (holding that petitioner procedurally defaulted his (*Apprendi*) claim when he failed to preserve it for appeal to the Oregon Court of Appeals).

8 - FINDINGS AND RECOMMENDATION

In PCR Trial Memorandum claims 1c and 2 through 4b, petitioner alleges that trial counsel was ineffective in various particulars. Petitioner also alleges a claim that counsel's cumulative errors constituted ineffective assistance of counsel. Although petitioner presented each of these claims in his PCR petition, he did not present any of the claims on appeal from the PCR trial court judgment. *See,* Exhibits 140 and 142.

Petitioner may no longer present any new claims to the Oregon courts on appeal or in post-conviction proceedings.[2] Accordingly, the claims discussed above are procedurally defaulted.

Petitioner has not established any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Therefore, Grounds Two, Three, Four, and PRC Brief claims 1a, 1c, 2, 3, 4, 4a, 4b and the un-enumerated counsel cumulative error claim are not properly before the court and should be denied.

---

[2]ORS 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days from the date of the Court of Appeals' decision. *See also* ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

Petitioner's remaining claims warrant a discussion on the merits.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our

cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" <u>Andrade</u>, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable." <u>Andrade</u>, 538 U.S. at 75.

The <u>Andrade</u> court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error." "It is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.

Rather that application must be objectively unreasonable." Andrade, 538 U.S. at 75-76.

It is not an "objectively unreasonable application of clearly established federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000) ("federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law.").

Finally, under 28 U.S.C. § 2254(d)(2), "factual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller -el v. Cockrell, 537 U.S. 322, 340 (2003). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537

U.S. 19 (2003) (*per curiam),* quoting <u>Lindh v. Murphey</u>, 521
U.S. 320, 333 n. 7 (1997).

"[I]t is past question that the rule set forth in
<u>Strickland</u>, qualifies as 'clearly established Federal law, as
determined by the Supreme Court of the United States.'"
<u>Williams v Taylor</u>, <u>supra</u> at 391. Under <u>Williams</u>, a petitioner
may therefore be granted habeas corpus relief on a claim of
ineffective assistance of counsel only if the decision of the
state court was contrary to, or an unreasonable application of
<u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Under <u>Strickland</u>, a claim that counsel's assistance was
so ineffective as to require reversal of a conviction has two
components. First, the petitioner must show that counsel's
performance was deficient; second, the petitioner must show
that the deficient performance prejudiced the defense. <u>Id</u>. at
687.

The first prong of the <u>Strickland</u> test required the
petitioner to demonstrate that "counsel's representation fell
below an objective standard of reasonableness. <u>Strickland</u>,
<u>supra</u> at 688. The second component of the test requires the
petitioner to demonstrate that "there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different." <u>Id</u>., at
694. A "reasonable probability" is one that is sufficient to

undermine confidence in the outcome." Id.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

The general nature of the Strickland test combined with the deference prescribed by § 2254(d) combines to require the federal court not to evaluate the state court's determination itself, but whether the state court's determination was unreasonable. Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009) (citing Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

Petitioner alleges in PCR Trial Memorandum Claim 1b that his trial counsel was ineffective because he "failed to adequately

inform petitioner of the ramifications of a jury trial waiver prior to urging Petitioner to sign the waiver and filing the waiver with the court." Petition (#1) attachment 1, p. 3.

In his First Amended Post-Conviction Petition, petitioner alleged as claim (B) that counsel was deficient for not employing a translator to "fully translate the Waiver of Trial document that the Petitioner signed and failed to discuss in detail the constitutional rights he was waiving by signing the document." In claim (D) petitioner alleged that counsel "failed to explain to petitioner the rights he was relinquishing when he signed the jury trial waiver form." Exhibit 111, p. 2-3.

Petitioner's trial counsel testified that he and petitioner discussed the right to a jury trial and the possibility of a waiver on several occasions, that petitioner appeared to adequately understand and communicate in English, that petitioner's wife always accompanied him and translated if necessary, and that after such explanations and advice petitioner advised his legal team that he did not want to have a jury trial but instead wanted a trial to the court. Exhibit 138 p. 73-85. In addition, in an affidavit submitted to the PCR trial court, counsel stated that an interpreter was present for at least one of those pre-trial conversations. Exhibit 128, p. 2-4.

Petitioner testified that "[t]hey never told me such things." Exhibit 138, p. 263. Petitioner further testified that if he had

understood the difference between a judge and jury trial he never
would have signed the waiver and that counsel never explained the
difference between a judge and jury trial and that if he had
understood the difference he never would have signed the waiver.
Id. p. 270 - 72.

The PCR court found that petitioner's testimony "was not fully
credible" and that the testimony of Mr. Walker and Mr. Wenzlick
[petitioner's attorneys] was credible." Exhibit 139, p. 2.

The PCR court further found:

> Counsel were aware an interpreter was going to be
> present during trial, and interpreters were available
> during trial. The waiver of jury trial is an important
> part of that process, and Counsel should have utilized an
> interpreter for the in-court discussion of the jury trial
> waiver. Failing to do so constituted a failure of
> reasonable professional skill and judgment. However,
> there were already a number of occasions during which
> there was detailed discussions about the differences
> between a jury trial and a judge trial, and defendant
> made a choice for a judge trial. He articulated a basis
> for making the choice. Petitioner has not established the
> second part of 6(b) which alleges that counsel failed to
> discuss in detail the constitutional right he was
> waiving. Counsel did not have an obligation to alert the
> court as to whether there was an interpreter present for
> their discussions.
> Counsel should have reviewed in detail the contents
> of the written waiver contemporaneous with petitioner's
> signature on the waiver, and better practice would be to
> wait for the interpreter to assist in that review before
> going on the record for the waiver or before obtaining
> the signature. Mr. Walker recalled reviewing the waiver
> with Mr. Stefan and recalled the waiver was read to him
> by a Romanian interpreter once the interpreter arrived.
> Petitioner has not established that using an interpreter
> at those times - either during the review beforehand or
> before the judge - would have tended to change the
> outcome of the trial. Nor did petitioner establish that
> his choice for a judge trial, made after several

> discussions, was not made knowingly, voluntarily and
> intelligently. Neither of the attorneys were concerned
> about his ability to understand their communications, his
> bi-lingual wife was present during their conversations,
> and petitioner did not establish that her later behavior
> in their marriage provided an incentive to mislead him
> about a jury trial versus a judge trial.

Exhibit 139, p. 2-3

Petitioner has not submitted any clear and convincing evidence to controvert the PCR court's factual findings and therefore they are presumed correct. 28 U.S.C. § 2254(c)(1). The court's conclusion that petitioner was not prejudiced by counsel's performance is entitled to deference by this court and is supported by the record.

Accordingly, petitioner PCR Trial Memorandum claim 1b should be denied.

Petitioner alleges in PCR Trial Memorandum claim 1d that his trial counsel was ineffective for failing to "adequately object to the departure sentences based on judicial fact finding, in derogation of the right to jury trial." Petition (#1) attachment 1 p. 3.[3]

In his First Amended Petition for Post-Conviction Relief petitioner alleged: "Trial Counsel failed to adequately object to the upward departure sentences imposed on three of his four

---

[3]The trial court found that by sexually abusing the victim, petitioner had violated his professional responsibility and used that finding as a basis for imposing an upward departure sentence. Exhibit 101, p. 3.

convictions *and adequately preserve the issue for appellate review.*" Exhibit 111. (emphasis added). However, in his appeal from the PCR trail court judgment, petitioner alleged only that counsel was ineffective for failing to object to the departure sentences and not that counsel was ineffective for failing to preserve the claim.  Accordingly, to the extent that the "failure to preserve" portion of the PCR claim is intended to be alleged in PCR Trial Memorandum claim 1d,[4] it was not presented to the state's highest court and is procedurally defaulted.

The PCR trial court found:

> Mr. Stefan's trial occurred prior to the Supreme Court's issuance of the landmark case *Blakely v. Washington*, 542 U.S. 296 (2004).

> Counsel Wenzlick cited *Apprendi v. New Jersey* 5230 US466 (2000) (sic) for the proposition that any fact increases the quantum of punishment to which the offender is exposed must be pled in the indictment and proven to the fact finder beyond a reasonable doubt.  He then noted that the court had no jurisdiction to make the findings it did because no such factors had been pleaded. The court of Appeals did not accept the State's concession in its appellate brief that counsel preserved the issue, noting "To be sure, defendant cited *Apprendi* and argued that aggravating factors must be proven to the factfinder beyond a reasonable doubt," but that it was clear from the context that he was focused on pleading of the factors. *State v. Liviu*, 209 Or App 249, 253 (2006) *** The court further noted the argument did not alert the trial court that a jury, as opposed to a judge, needed to make find the aggravating factors. *Id*.  For that reason, the Court found the *Blakely* argument was not preserved and that the court's imposition of upward departure sentences did not constitute plain error. *Id*., 235-254.

─────────────────

[4]Although the trial memorandum contains argument on this issue, it is not specifically alleged as a claim.

The Court found only that *Blakely* issues were not preserved, and did not make any findings regarding any basis for appeal under *Apprendi*. There was no "*Blakely/Apprendi*" rule that existed at the time.

* * *

Failing to make an argument that preserved an issue as plain error under case law not yet issued is not inadequate assistance of counsel. * * * It was not ineffective assistance to fail to object to the court findings of upward departure that resulted in sentences less than the statutory maximum and in concordance (sic) with the guidelines.

Exhibit 139, p. 3-4.

The PCR court's conclusion is not contrary to or an unreasonable application of *Strickland*. Courts have uniformly held that trial counsel was not ineffective for failing to anticipate the extension of the *Apprendi* decision in *Blakely* to departure sentences. *See*, eg. <u>United States v. Johnson</u>, 335 F.3d 589, 591-92 (9th Cir. 2003), *cert. denied* 540 U.S. 1011 (2003); <u>United States v. Piggie</u>, 316 F.3d 789, 791 (8th Cir. 2003), *cert. denied*, 540 U.S. 857 (2003); <u>United States v. Toliver</u>, 351 F.3d 423, 434 (9th Cir. 2003), *cert denied*, 541 U.S. 1079 (2004); *see also*, <u>Peralta-Basilio v. Hill</u>, 203 Or. App. 449, 454 P.3d 1 (2005), *rev. den.*, 340 Or. 359 (2006) (collecting federal cases). Because petitioner was sentenced before *Blakely* was decided, petitioner's trial counsel cannot be found to have been ineffective for failing to object to the departure sentences on grounds of judicial fact-finding.

Therefore, petitioner's PCR Trial Memorandum claim 1d should be denied.

Based on all of the foregoing, petitioner's Petition (#1) should be denied.  The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

/////

/////

/////

/////

/////

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 18th day of March, 2014.

            /s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge